# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHET MICHAEL WILSON,** individually and on behalf of all others similarly situated, | ) ) ) | |
| **Plaintiff,** | ) ) ) | **Case No. 3:25-cv-01042** |
| **v.** | ) ) ) | **JUDGE CAMPBELL** **MAGISTRATE JUDGE FRENSLEY** |
| **NISSAN NORTH AMERICA, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court are Defendant Nissan North America, Inc.'s Motion to Dismiss (Doc. No. 28), and Motion to Strike Class Allegations (Doc. No. 26). For the reasons stated herein, the motions are **DENIED**.

## I.      BACKGROUND

Plaintiff Chet Michael Wilson brings claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Nissan North America, Inc. ("Nissan") on behalf of himself and a putative class of similarly situated individuals. (Am. Compl., Doc. No. 23).

As alleged in the Amended Complaint, Plaintiff states that after he registered his cell phone number on the National Do Not Call Registry, he received multiple prerecorded calls from Autoweb, Inc. on behalf of Nissan.[1] (*Id*., ¶¶ 19, 29, 33-39). Plaintiff alleges that the calls were intended for some other person, that he had no interest in Nissan's vehicles, and that he did not provide his phone number to or consent to receive prerecorded calls from Nissan or Autoweb. (*Id*., ¶¶ 30, 40-42). He claims the calls invaded his privacy, intruded upon his life, and were a private

---

[1]      Plaintiff voluntarily dismissed the claims against Autoweb, Inc. (*See* Doc. Nos. 44, 45).

nuisance. (*Id.*, ¶ 47).

Plaintiff brings claims on behalf of himself and a putative class of the following:

> All persons throughout the United States (1) to whom on Nissan North America, Inc.'s behalf Autoweb, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who made an inquiry to Defendants, (3) in connection with which Autoweb, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

(*Id.*, ¶ 49).

Nissan moves to dismiss the Amended Complaint on grounds that Plaintiff lacks both constitutional and prudential standing and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 28; Doc. No. 29 at 8-16). Nissan also moves to strike the class allegations on grounds that they fail to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. (Doc. No. 26).

## II. MOTION TO DISMISS

### A. STANDARD OF REVIEW

#### 1. Rule 12(b)(1)

Defendant's challenge to Plaintiff's standing under Article III of the United States Constitution implicates the Court's subject matter jurisdiction. *See Dickson v. Direct Energy, LP*, 69 F.4th 338, 343 (6th Cir. 2023). Challenges to subject matter jurisdiction are raised under Federal Rule of Civil procedure 12(b)(1). *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Id.* at 759. When a defendant challenges subject-matter jurisdiction based on the face of the complaint, the Court considers all factual allegations in the pleading to be true and evaluates

jurisdiction accordingly. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816-17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). If, however, a defendant challenges the factual basis for subject-matter jurisdiction, the court "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright*, 751 F.3d at 759-60. The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Id*. at 760.

The Court notes that, although Nissan moves to dismiss, in part, based on Plaintiff's alleged lack of standing under Article III, the motion is made only under Rule 12(b)(6), not 12(b)(1). Nissan also fails to provide the standard of review for a motion to dismiss for lack of subject-matter jurisdiction or to state whether it is raising a facial or factual attack on jurisdiction. Defendant has submitted matters outside the pleadings, so the Court could construe the motion as a factual attack on the Court's subject-matter jurisdiction.[2] But Defendant itself argues that these materials may be considered as part of a pleadings-based challenge (*see* Doc. No. 29 at 13-14), so the Court will evaluate Defendant's challenge to subject-matter jurisdiction as a facial challenge.

### 2. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must

---

[2]      Defendant filed a list of other TCPA cases filed by Plaintiff (Ex. 1), court filings from one of these cases (Ex. 2, Pharmacenter LLC's Notice of Service of its Responses and/or Objections to Plaintiff's, Chet Michael Wilson, First Interrogatories to Defendant, *Wilson v. Pharmacenter, LLC*, Civil Action No. 25-cv-60212-RS, ECF No. 22-1 (S.D. Fla.)); and Plaintiff's social media posts (Ex. 3).

take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). Defendant argues that matters outside the complaint – specifically Plaintiff's other TCPA cases, filings from those cases, and social media posts (*see supra*, note 2) – can be considered under Rule 12(b)(6) because they are "integral to Plaintiff's claims because they demonstrate how and why Plaintiff brought his claim against Nissan in the first place" and because they are part of the public record by virtue of being referenced in another lawsuit brought by Plaintiff. (Doc. No. 29 at 14). The Court is not persuaded that Plaintiff's motivation for initiating this lawsuit is "integral" to his claims or that Plaintiff's social media posts "public records" that may be considered on a motion to dismiss under Rule 12(b)(6). Accordingly, the Court has not considered these additional materials.

**B.** **Analysis**

1. <u>Subject-Matter Jurisdiction</u>

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to the adjudication of "cases" and "controversies." U.S. Const., Art. III, § 2. "To ensure that a case or controversy is before a court and to avoid rendering an advisory opinion, three basic requirements must be met." *Carman v. Yellen*, 112 F.4th 386, 499 (6th Cir. 2024). "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of … Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. (citations omitted).

Nissan argues that Plaintiff lacks standing under Article III because he wants to receive calls that could serve as a basis for TCPA lawsuits and has intentionally put himself in a position to receive such calls. According to Nissan, Plaintiff therefore has not suffered an invasion of a legally protected interest (*i.e.*, he has no injury in fact), and any injury is "self-inflicted (*i.e.*, not caused by the Defendant). As evidence that Plaintiff wants to receive the alleged prohibited calls for the purpose of bringing a TCPA lawsuit, Defendant points to Plaintiff's numerous other TCPA cases (there are approximately 73), that he has chosen to keep an atypical phone number (541-999-9999), and social media posts where he discusses his TCPA claims. For the reasons discussed above, in assessing subject-matter jurisdiction the Court has not considered Plaintiff's social media posts. (*See* supra II., A. and B.).

In support of dismissal, Defendant relies upon three cases, all decided at the summary judgment stage and factually distinguishable – *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d

782, 797-98 (W.D. Pa. 2016) (plaintiff purchased at least 35 cell phones with prepaid minutes "for the purpose of filing lawsuits under the [TCPA]" "as a business"); *Garcia v. Credit One Bank, N.A.*, No. 2:18-cv-191, 2020 WL 4431679, at *3 (D. Nev. Jul. 31, 2020) (plaintiff "kept re-purchasing pre-paid phone minutes, apparently in order to keep receiving unwanted calls" on a number that was not his primary number); *Leyse v. Bank of America, N.A.*, No. 11-7128, 2020 WL 1227410, at *5 (D.N.J. Mar. 13, 2020) (plaintiff was employed by an attorney to place and record calls to be used in TCPA litigation; plaintiff placed and secretly recorded over 20 calls to the defendant, provided false name and employer, expressly refused to be added to the defendant's do-not-call list, and never asserted or provided any evidence that he suffered an invasion of privacy, annoyance, or any injury as a result of the phone calls).

Unlike those cases, this case is at the pleading stage. Even if the Court were to consider the evidence submitted by Defendant – Plaintiff's numerous TCPA lawsuits, social media posts, and unusual phone number that he has chosen to keep despite allegedly receiving unwanted calls – this does not put Plaintiff in a category akin to the plaintiffs in *Stoops*, *Garcia*, and *Leyse*. Plaintiff alleges that he did not obtain the phone number for the purpose of litigation, he has used the phone number, primarily to communicate with friends, schedule appointments, and other household purposes, for at least seven years, and has registered the number on the Do Not Call Registry. (Am. Complaint, Doc. No. 23, ¶¶ 14-17, 19). Plaintiff claims to have suffered actual harm from the unwanted calls in the form of an invasion of privacy, intrusion into his life, and private nuisance. (*Id.*, ¶ 47).

At this stage, the Court finds the allegations in the Amended Complaint are sufficient to establish that Plaintiff has standing under Article III. If, however, the facts developed during discovery suggest otherwise, Defendant can raise standing at summary judgment. The motion to

dismiss for lack of constitutional standing is **DENIED**.

### 2. Zone-of-Interest

Nissan next argues that Plaintiffs TCPA claim must be dismissed because it does not fall within the "zone of interests" regulated by the TCPA. Although Nissan refers to the "zone of interests" requirement as "prudential standing," the Supreme Court has made clear that label is a misnomer at least in so far as "standing" suggests limits on the Court's subject-matter jurisdiction.[3] *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014). In *Lexmark*, the Supreme Court clarified that the "'zone of interests' inquiry of the type relevant to a number of federal causes of action – was not ultimately a question of standing at all, but rather a simple issue of statutory interpretation regarding the scope of the relevant [] cause of action." *Nashville Community Bail Fund*, 496 F. Supp. 3d at 1126 (citing *Lexmark*, 572 U.S. at 134); *see also*, *In re Capital Contracting Co.*, 924 F.3d 890, 896 (6th Cir. 2019) (citing *Lexmark*, 572 U.S. at 134) ("[*Lexmark*] clarified that prior decisions invoking the 'prudential standing' label had really asked a statutory-interpretation question: Does the specific statute give the specific plaintiff a right to bring the specific suit?").

Nissan argues that the TCPA was enacted to protect consumers from "the nuisance, invasion of privacy, costs and inconvenience that autodialed and prerecorded calls generate," and because Plaintiff wants to receive calls that could serve as a basis for TCPA lawsuits and has intentionally put himself in a position to receive such calls, his claims are not within the zone of interests protected by the statute. (Doc. No. 29 at 8, 14-15 (citing *In re Rule Implementing the Tel.*

---

[3] As another judge in the district astutely observed, "standing" is a word that is susceptible to different meanings. *See Gottleib v. Warner Music, Inc.*, No. 3:20-cv-00386, 2021 WL 6498744, at *4, n.3 (M.D. Tenn. Feb. 22, 2021) (Trauger, J.) (noting that "standing" is a term with "more than one meaning, and its use in many settings … can lead to unnecessary confusion").

*Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7979-80 (F.C.C. Jul. 10, 2015))). As with the argument that Plaintiff lacks Article III standing, Nissan points to the same evidence (Plaintiff's numerous other TCPA cases, that he has chosen to keep an atypical phone number, and social media posts where he discusses his TCPA claims) and the same cases (*Stoops,* and *Garcia*). The reasons articulated above with regard to Article III standing apply equally here: the Court will not consider evidence outside the Complaint (*see* supra II., A. and B.), and *Stoops* and *Garcia* are factually and procedurally distinguishable. At this stage, Plaintiff has plausibly alleged that this claims fall within the zone of interest protected by the TCPA.

Accordingly, the motion to dismiss based on the argument that Plaintiff's claims fall outside the zone of interests of the TCPA is **DENIED**.

### 3. Failure to State a Claim

To state a claim under Section 227(b) of the TCPA, a plaintiff must allege sufficient facts to plausibly establish that: "(1) a call was placed to a cell or wireless telephone, (2) by the use of any automatic dialing system and/or leaving an artificial or recorded message, and (3) without prior consent of the recipient." *Boyd v. Gen. Revenue Corp.*, 5 F. Supp. 3d 940, 954 (M.D. Tenn. 2013) (quoting 47 U.S.C. § 227(b)(1)(A)). "The burden of establishing prior express consent is on the defendant, but [the Federal Communications Commission] determined that 'persons who knowingly release their telephone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.'" *Id*. (citing *Pollock v. Bay Area Credit Serv., LLC*, No. 08-61101-Civ., 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009)).

Nissan argues that Plaintiff fails to allege sufficient facts from which to plausibly conclude that Nissan or its agent physically made the alleged prohibited phone calls. (Doc. No. 29 at 4-5).

The Court agrees that there are no facts to establish that Nissan itself made the calls at issue. Indeed, Plaintiff pleads that Autoweb, Inc. made the calls and did so pursuant to a contract with Nissan. (*See* Am. Compl., Doc. No. 23, ¶¶ 12, 28). Although the allegations do not support direct liability of Nissan, Plaintiff has pleaded sufficient facts from which to infer that Autoweb had actual or apparent authority to make the calls on Nissan's behalf and was therefore acting as an agent for Nissan when it made the phone calls. (*See id.*, ¶ 12 ("As part of its business, Nissan contracts with Autoweb to place outbound calls using recorded messages"); ¶¶ 28 ("Nissan contracts with Autoweb to make telephone calls, including prerecorded calls, regarding Nissan's vehicles to customers"); ¶¶ 34, 36 (alleging that Autoweb delivered a prerecorded message stating, "Hi this is [ ] calling from Nissan …").

Next, Nissan argues Plaintiff's claim for treble damages should be dismissed because Plaintiff fails to plead a willing and knowing violation of the TCPA. *See* 47 U.S.C. § 227(b)(3). ("If the court finds that the defendant willfully or knowingly violated [the TCPA], the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.). Defendant argues that allegations that Nissan made the calls "voluntarily," "under its own free will," and with "knowledge that it was using an artificial or prerecorded voice," are insufficient to show that Nissan willfully or knowingly violated the TCPA. But Plaintiff also alleges he registered his phone number on the Do Not Call Registry, never provided his phone number to Nissan, had no relationship with Nissan, and never consented to receive calls from Nissan. (Am. Compl., Doc. No. 23, ¶¶ 19, 40-42). Accepting those allegations as true and drawing all inferences in Plaintiff's favor, the Court cannot find at this juncture that Plaintiff is not entitled to treble damages should liability be established under the TCPA. However, the ultimate determination of the appropriateness of such an award

9

will come at a much later stage of the case. Even if Plaintiff proves Nissan willfully and knowingly engaged in conduct that violates the TCPA, an award of treble damages is discretionary.

Accordingly, the motion to dismiss the TCPA claim for failure to state a claims and to dismiss the claim for treble damages is **DENIED**.

### III.     MOTION TO STRIKE CLASS ALLEGATIONS

Nissan argues Plaintiff's class allegations failure to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 and therefore should be stricken. Defendant argues that Plaintiff cannot satisfy the requirements for typicality due to his unique telephone number or predominance because of the case-by-case factual inquiry into consent and willfulness. Defendant also argue the class allegations should be stricken because Plaintiff proposes a "fail-safe" class.

The Court finds Plaintiff has adequately pleaded facts to support both typicality and predominance at the pleadings stage. The question of whether Plaintiff proposes an impermissible "fail safe" class is a closer call.

An improper "fail-safe" class is one that includes only class members that are entitled to relief so that the class cannot be defined until the case is resolved on the merits. *See Randelman v. Fidelity National Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) (holding that an improper fail-safe class is one that includes only class members that are entitled to relief); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (explaining that a fail-safe class is one that cannot be defined until the case is resolved on the merits). Plaintiff concedes that a class definition that includes lack of consent would be an impermissible fail-safe class, but argues that the proposed class definition in this case is not defined in terms of consent, but instead refers to all persons "to whom on Nissan North America, Inc's behalf Autoweb, Inc. placed, or caused to be placed a call

… directed to a number assigned to a cellular telephone service, but not assigned to a person who made an inquiry to Defendants …" (*See* Doc. No. 31 at 13 (citing Am. Compl., Doc. No. 23, ¶ 49)). Plaintiff further argues that if the Court finds "an issue with the class definition," modification of the class definition, which can be done at any stage of the proceeding, is more appropriate than the wholesale striking of class allegations. (*Id*. at 15).

The Court agrees. Although the Court has serious questions about the viability of Plaintiff's proposed class definition, in part because it skirts close to the line of a fail-safe class, at this early stage, it is premature to strike the class allegations. Accordingly, the Defendant's Motion to Strike Class Allegations (Doc. No. 26) is **DENIED**.

## IV.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 28) and Motion to Strike Class Allegations (Doc. No. 26) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

11